The **TILLEY LAMP COMPANY, Limited, Plaintiff-Appellant,**

v.

**A. W. THACKER, Defendant-Appellee.**

No. 71–2433.

United States Court of Appeals, Fifth Circuit.

Jan. 31, 1972.

**806**

David J. Fuller, Gregory A. Presnell, of Akerman, Senterfitt, Eidson & Wharton, Orlando, Fla., for plaintiff-appellant.

Robert A. Hannah, of Pitts, Eubanks, Ross & Rumberger, Orlando, Fla., for defendant-appellee.

Before TUTTLE, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

In this appeal we must unravel a procedural and jurisdictional maze developed in a case that never emerged from the pleadings until, after a parlous journey from counterclaim to third amended counterclaim to intervention to summary judgment in the course of two and a half years, A. W. Thacker Company, Inc. prevailed on a claim over which the district court had neither jurisdiction of the parties nor of the subject matter. We reverse.

On January 3, 1969, Tilley, a British corporation, filed suit in the United States District Court for the Middle District of Florida seeking recovery from A. W. Thacker, individually, for the non-payment of merchandise delivered to him for sale and distribution pursuant to an agreement under which Thacker acted as Tilley's American representative. Thacker counterclaimed seeking damages for Tilley's failure to provide merchantable products and a declaratory decree that Tilley be required to indemnify Thacker for any judgments that might be entered against him in pending products liability actions in California and Ohio.

On June 6, Thacker filed an amended counterclaim seeking substantially the same relief. A stipulated dismissal as to Tilley's original claim and Thacker's original counterclaim for damages left only the claim for declaratory relief.

On June 20 Tilley moved to dismiss the first amended counterclaim on grounds of prematurity and lack of jurisdiction over the subject matter. Thacker filed no opposition. Recognizing the prematurity of the claim for declaratory relief, the district court on September 3 granted the motion to dismiss but with leave to amend. A second amended counterclaim was then filed by Thacker, not differing substantially from the first, and a similar motion to dismiss was again filed by Tilley.

On December 10 Thacker filed a motion to stay the proceedings until judgments against him had been entered in products liability suits in California and Ohio, which would then permit Thacker to claim indemnity against Tilley "as opposed to being relegated to a claim for declaratory decree." Thacker further

alleged as grounds for the stay that only in "the present court and in the present suit in the United States" could his claim for indemnity against Tilley be prosecuted with the certain knowledge that the court had acquired jurisdiction over Tilley. Tilley opposed the motion for a stay on the same grounds as it opposed the claim itself, that no justiciable claim for relief had been stated by Thacker.

On January 7, 1970, the proceedings were stayed by order of the court for thirty days, and on February 6 Thacker filed his third amended counterclaim and alleged entry of judgments against him in the California actions and prayed for indemnification from Tilley.

On April 9, 1970, Tilley filed a motion to dismiss the third amended counterclaim for lack of jurisdiction. In denying the motion, on May 25, 1970, the district court concluded that

> it would be inequitable to allow Plaintiff, a Northern Ireland business entity, to invoke the jurisdiction of this country and of this court to seek relief upon its claim and then to avoid a counterclaim filed by the Defendant where it appears that Defendant would probably have to go to Northern Ireland to prosecute its claim if such claim should be dismissed in this court.

On January 15, 1971, Thacker moved to amend his third amended counterclaim to add as Count II an action to obtain a federal judgment based upon the cross-claim judgments for indemnification in his favor, against Tilley, entered in the California actions. When the court granted this motion to amend, Tilley answered contending that the counterplaintiff, A. W. Thacker, was not then nor had he ever been a party to the California actions and he was therefore in no position to enforce claims belonging to a third party judgment creditor. This defense became the basis of a motion by Tilley on February 11 for summary judgment.

At the hearing on the motion for summary judgment, Thacker conceded his inability to press a claim that was not his. A Motion to Intervene was then filed by A. W. Thacker Co., Inc., in whose favor the California cross-claim judgments for indemnification actually had been rendered. The district court held that the Thacker Co. had a substantial interest in the litigation and was entitled to intervene as a matter of right under Fed.R.Civ.P. 24(a) (2).

Finally, on June 23, 1971, the district court held that Thacker individually was not a party to the California actions. Therefore, he was not entitled to maintain an action for indemnity arising out of the California tort actions as alleged in Count I and was not entitled to reduce the California judgments to a federal judgment as prayed for in Count II of the third amended counterclaim. Summary judgment was therefore entered in favor of Tilley against Thacker individually.

The district court found that the Thacker Company, Inc., Intervenor, was entitled to enforce its cross-claim California judgments against Tilley pursuant to Title 28 U.S.C.A. § 1738, as sought in Count II of the third amended counterclaim and entered summary judgment accordingly.

Thus after two and a half years of amended pleadings and proliferation of issues it was found that the original counterclaimant Thacker had no claim against plaintiff Tilley because he was not and never had been a party in the state court actions. Notwithstanding this the district court permitted, by intervention, a new party, A. W. Thacker Co., Inc., to substitute itself in the place of the original counterclaimant, not to claim an *interest in* the property or transaction which was the subject matter of the main action but to claim a new cause of action as its own.

The Declaratory Judgment Act authorizes relief only in cases of "actual controversy." 28 U.S.C.A. § 2201. This is simply a statutory recognition that

federal judicial power extends only to "cases or controversies" under Article III, Section 2 of the United States Constitution. Public Service Commission of Utah v. Wycoff Co., 1952, 344 U.S. 237, 242, 73 S.Ct. 236, 97 L.Ed. 291; Altvater v. Freeman, 1943, 319 U.S. 359, 363, 63 S.Ct. 1115, 87 L.Ed. 1450; Aetna Life Insurance Co. v. Haworth, 1937, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617; Ashwander v. Tennessee Valley Authority, 1936, 297 U.S. 288, 325, 56 S.Ct. 466, 80 L.Ed. 688; Rowan v. Pinnell, 5 Cir. 1971, 453 F.2d 963; Brown & Root, Inc. v. Big Rock Corporation, 5 Cir. 1967, 383 F.2d 662, 665. Regardless of the scope of the court's discretion to entertain a claim for declaratory relief under § 2201, if there is no "case or controversy", the court has no jurisdiction over the subject matter of a claim.

■ A. W. Thacker, individually, was never a party to the California actions. In essence, his claim was for a determination of his right to receive indemnity from Tilley should he ever be found liable in future products liability lawsuits regarding Tilley products. Thacker's claim for declaratory relief was based upon a purely hypothetical set of facts, conjectural in nature, and incapable of immediate and specific relief. It is obvious that there was no case or controversy that would support his counterclaim for declaratory relief. The district court was thus without jurisdiction of the subject matter of the counterclaim.

■ The district court granted the motion of A. W. Thacker Company, Inc., to intervene, apparently adopting a latitudinarian view that "if this case is de-cided adverse to A. W. Thacker, then the right of A. W. Thacker Company, Inc. to bring this action against Tilley would be lost." Even if, and it is a big if, the reason the court gave for allowing intervention is true, it does not satisfy the requirements of Fed.R.Civ.P. 24(a).

■ At the time of the application to intervene Tilley's original claim had been dismissed. The court was without subject matter jurisdiction to entertain Thacker's counterclaim for declaratory relief or indemnity since he was not a party to the state actions. There was no primary litigation pending that would support intervention. Moreover, even if the primary suit was viable at the time of attempted intervention, the Thacker Co., Inc. did not claim an interest in the property or transaction which was the subject matter of the primary action—instead the company desired to be substituted for A. W. Thacker individually so that it could assert its California cross-claim judgments against Tilley, a party against whom it had never perfected service. To permit intervention in these circumstances would plainly pervert the requirements of Rule 24 and create a "jurisdictional bootstrap," which we have previously rejected in considering that Rule. See Diaz v. Southern Drilling Corp., 5 Cir. 1970, 427 F.2d 1118, 1124 at n. 3, cert. denied Trefina A. G. v. United States, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115.

The judgment of the district court in favor of Intervenor A. W. Thacker Co., Inc. is reversed and the cause is remanded with directions that Intervenor's claim be dismissed without prejudice.

Reversed and remanded with directions.