Ruben QUILES, Plaintiff,

v.

The O'HARE HILTON, Defendant.

No. 83 C 4624.

United States District Court,
N.D. Illinois, E.D.

Oct. 24, 1983.

Ruben Quiles pro se.

Donald F. Peters, Jr., Chicago, Ill., for defendant.

ORDER

GRADY, District Judge.

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

*et seq.* Plaintiff brought his *pro se* complaint to the Clerk's Office on the 89th day after receipt of his right-to-sue notice from the Equal Employment Opportunity Commission. At that time, plaintiff gave the complaint to the clerk along with a petition for leave to file in forma pauperis. Five days later, plaintiff was granted leave to proceed in forma pauperis; on that same day, the clerk filed plaintiff's complaint. Defendant now brings a motion to dismiss on the ground that plaintiff's complaint was not filed within the statutory 90-day period. We deny that motion.

Rule 11 of the General Rules for the United States District Court for the Northern District of Illinois spells out the procedures for handling a complaint which is accompanied by a petition for leave to file in forma pauperis. The rule requires the Clerk of the Court to accept the complaint when it is first brought in; to stamp the complaint "received" as of the date it is brought in; to file the petition for leave to file in forma pauperis; and to forward all of the papers to the judge to whom the petition is assigned. The rule then provides: "If the judge grants plaintiff leave to file, the complaint shall be filed as of the date of such order except as otherwise provided in the order...."

As illustrated by this case, these procedures, if followed literally, could cause extreme and unwarranted prejudice to a plaintiff. For these reasons, Judge Marovitz held in an identical case that where the plaintiff presented his complaint along with his pauper petition and affidavit of financial status, "and it was only because of internal administrative procedures that the actual 'filing' was delayed," the plaintiff satisfied the statutory requirement of initiating a civil action within 90 days. *Crook v. Penn Central Transportation Company,* 427 F.Supp. 956, 961 (N.D.Ill.1977). *Crook* is on all fours with our case, and we adopt its reasoning here.

Defendant's citation to *Harris v. National Tea Company,* 454 F.2d 307 (7th Cir.1971), is not helpful because in *Harris* the plaintiff had requested appointment of counsel but had not presented her complaint within the statutory period. The plaintiff in *Harris* had "neither named the defendant nor mentioned any claim of discrimination." *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union,* 585 F.2d 210, 218 (7th Cir.1978) (distinguishing *Harris*). Here, however, plaintiff did present his complaint when he filed his pauper petition. The complaint did name the defendant and did spell out plaintiff's discrimination charge. The fact that a summons was not issued within the 90-day period is not relevant because this, too, was caused by internal administrative procedures, which a plaintiff should not be penalized for following. *Crook, supra,* at 961–62; *Archie, supra,* at 217–218 (adopting the *Crook* reasoning).

As additional support for holding that plaintiff's claim was filed within the 90-day period, we believe that General Rule 11, discussed above, contemplates the inequities which could result to a plaintiff in this situation and accordingly authorizes the court to deem a complaint filed at the time it is presented rather than the time the pauper petition is approved. As noted, the rule provides that "[i]f the judge grants plaintiff leave to file [in forma pauperis], the complaint shall be filed as of the date of such order *except as otherwise provided in the order* ...." (emphasis supplied). Because of the "remedial purposes" of Title VII, *Liberles v. County of Cook,* 709 F.2d 1122, 1125 (7th Cir.1983), and bearing in mind that "a technical reading of the filing provisions [of Title VII] would be 'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process,'" *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982), *quoting from Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972), we amend our order of July 11, 1982 granting plaintiff leave to file in forma pauperis by adding the following sentence: "Plaintiff's complaint shall be deemed filed on July 6, 1983."

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is denied, and our order of July 11, 1983 granting plaintiff leave to file in forma pauperis is amended by adding the sentence, "Plaintiff's complaint shall be deemed filed on July 6, 1983."