**David Lawrence ORTIZ, Plaintiff,**

v.

**CLARENCE H. HACKETT, INC., Defendant.**

**Civ. No. H83–774.**

United States District Court, N.D. Indiana, Hammond Division.

March 26, 1984.

Louis Zeheralis, Hodges, Davis, Gruenberg, Compton & Sayers, P.C., Merrillville, Ind., for plaintiff.

J. Thomas Menaker, McNees, Wallace & Nurick, Harrisburg, Pa., Gary K. Matthews, Enslen, Enslen & Matthews, Hammond, Ind., for defendant.

## ORDER

MOODY, District Judge.

This matter is before the Court on the Motion to Dismiss filed by defendant Clarence A. Hackett, Inc. on January 23, 1984. Plaintiff's brief in opposition to the motion was filed on March 19, 1984. The Motion to Dismiss is DENIED.

## FACTS

This is an action brought under Title VII of the Civil Rights Act of 1964 alleging discrimination in employment on the basis of race. The plaintiff, David L. Ortiz, was employed by Clarence A. Hackett, Inc., be-ginning April 5, 1976, as a laborer at its Gary, Indiana facility. On June 21, 1981, Mr. Ortiz was terminated from his employment. The plaintiff filed a charge with the Gary Human Relations Commission on June 25, 1981 alleging that his termination was in retaliation for a charge filed with the Gary Human Relations Commission approximately one year before. The earlier charge alleged non-promotion due to plaintiff's race.

The plaintiff's claim proceeded through the appropriate administrative channels and the EEOC issued a "Right to Sue" letter on May 31, 1983. However, Mr. Ortiz never received the notice. The original letter was declared null and void and the EEOC reissued a "Right to Sue" letter on July 13, 1983.

Seventy-eight days later, on September 29, 1983, the plaintiff filed with this court a *pro se* complaint and Application to Proceed In Forma Pauperis. The accompanying affidavit of poverty indicated that plaintiff was then employed as a seasonal worker with a construction company, that plaintiff had four dependents, and that one daughter has a serious birth defect requiring expensive and frequent medical attention. The Court denied plaintiff's application on October 21, 1983, but the Order specifically stated that "[the] case may proceed upon filing of fee."

Forty-one days passed, and on December 1, 1983, plaintiff filed a Motion to Reconsider in the form of a letter directed to the Clerk of the Court. The letter stated that plaintiff had moved to Illinois to facilitate his daughter's treatment and that he had been laid off from his job. This letter triggered the Court's review. In an Order dated December 12, 1983, Judge Kanne of this Division wrote that

[t]he court denied the [earlier] application because the application indicated that plaintiff had sufficient income. In plaintiff's request to reconsider plaintiff states that he is presently laid off from his job and has no income. The court now finds that plaintiff is entitled to

proceed *in forma pauperis* given the fact that he has no income.

Order of December 12, 1983.

The plaintiff's *pro se* complaint was filed on the same day. Counsel was appointed for Mr. Ortiz on January 24, 1984. The defendant's Motion to Dismiss calls for dismissal due to plaintiff's failure to meet the statutory filing periods of Title VII.

## DISCUSSION

■ The statutory provision in question reads in pertinent part as follows:

If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved.

42 U.S.C. § 2000e–5(f)(1).

The United States Supreme Court has held, however, that "a technical reading of the filing provisions [of Title VII] would be 'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.'" *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982), *quoting from Love v. Pullman Company,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). *See also Quiles v. O'Hare Hilton,* 572 F.Supp. 866, 867 (N.D.Ill.1983). Equitable grounds may serve to toll the running of the statute. *Archie v. Chicago Truck Drivers,* 585 F.2d 210, 217 (7th Cir.1978).

■ The record here indicates that the EEOC issued a second "Right to Sue" letter to the plaintiff on July 13, 1983. The plaintiff's representations and the EEOC's own records corroborate that an earlier notice was not received. *See* Letter of Osma D. Spurlock, District Director of EEOC, accompanying the Complaint, filed December 12, 1983. In a similar situation, the Seventh Circuit Court of Appeals has held that "the ninety-day period of limitation set forth in 42 U.S.C. § 2000e–5(f)(1) begins to run on the date on which a claimant actually receives his notice of right to sue from the EEOC." *Archie,* 585 F.2d at 216. Mr. Ortiz's Complaint states that notice was actually received on July 13, 1983. Seventy-eight days intervened before the In Forma Pauperis petition and Complaint were filed, well within the ninety-day time period.

■ It is also settled that presentation of a *pro se* complaint and a petition to proceed in forma pauperis toll the limitations periods of 28 U.S.C. § 2000e–5(f)(1). *Quiles v. O'Hare Hilton,* 572 F.Supp. 866, 867 (N.D. Ill.1983); *Crook v. Penn Central Transportation Co.,* 427 F.Supp. 956, 961 (N.D. Ill.1977). The questions which remain are (1) did running of the ninety-day time period resume upon denial of the in forma pauperis request?, and (2) are the facts here sufficient to require equitable tolling of that limitations period?

The first question must be examined in light of the particular Court's procedure and apparent intentions. In *Harris v. National Tea Company,* 454 F.2d 307 (7th Cir.1971), a plaintiff requested permission to proceed in forma pauperis before the limitations period ran. This motion was denied. At a later date, however, plaintiff again petitioned to proceed in forma pauperis. The Court of Appeals treated the order granting this motion as a nunc pro tunc order, though the trial court had not specifically denoted it as such. The district court "evidently recognized that it erred in its denial of the first application, which was corrected by its allowance of the second." *Id.* at 310. Accordingly, the second order granting the motion to proceed in forma pauperis related back in time to the date that the Court originally denied the motion.

The case at bar is distinguishable. There is no indication that the Court here was

correcting an earlier mistake by granting the second application to proceed in forma pauperis. In fact, the Court specifically noted the plaintiff's changed circumstances when granting the second request. It is unjustified to impute to the Court, as the *Harris* decision did, an intention that the petition be granted nunc pro tunc.

▇ As a matter of policy, any applicable statute of limitations must be deemed to resume its run upon denial of a pauper's petition, though the time periods may be tolled during the petition's pendency. Rule 3 of the Federal Rules of Civil Procedure states that "a civil action is commenced by filing a complaint with the court." An action is filed with the District Court upon payment to the clerk of a filing fee. Local Rule 3(a), United States District Court, Northern District of Indiana; 28 U.S.C. § 1914(a). The court may authorize commencement of suit without prepayment of fees by a person submitting affidavit of poverty. 28 U.S.C. § 1915(a). If the court grants such an application, the suit will be deemed filed. Twenty-eight U.S.C. § 1915 does not speak to the effect of denying the pauper's petition. Limitations periods are regularly tolled when "internal administrative procedures" might frustrate compliance with statutory deadlines, *Quiles v. O'Hare Hilton,* 572 F.Supp. 866 (N.D.Ill. 1983), but these do not pertain once the Court denies leave to proceed in forma pauperis. At that point, there has been no "filing" within the meaning of Rule 3, Fed. R.Civ.P. Mere filing of a pauper's petition cannot stay a statute of limitations period for all time. It must be assumed that any statute of limitations will be reactivated by the application's denial.

Applying these principles, a full one hundred and nineteen countable days elapsed from the time plaintiff received notice of his Right to Sue until the limitations period was ultimately tolled by the request for reconsideration. In answer to our second question, *supra* at page 1260, equity requires that this bar to suit be waived. In the *Archie* case, the plaintiff failed to properly complete the form document supplied by the Clerk of the United States District Court which initiated his complaint. The Court of Appeals there stated that

[t]o hold that an applicant's rights under Title VII depend on the fortuitous circumstance of whether or not he circles the proper letter on a printed form would be clearly unjust. We have stated above that a claimant cannot be held to have "slept on his rights" if he allows the ninety-day period for filing suit under Title VII to expire in ignorance of his right to sue. We now hold that a claimant also cannot be held to have slept on his rights when he files a Title VII complaint on a form provided to him by the court which purports on its face to be a complaint, when in fact he provides sufficient information on the form to apprise the defendants of the claims made against them, and when his only fault is in failing to circle an appropriate item on the form. We do not believe that rights under Title VII were intended to depend on such technicalities of pleading.

*Archie,* 585 F.2d at 217.

Similarly, Mr. Ortiz cannot be said to have "slept on his rights." He filed a timely complaint with the proper state agency. He contacted the EEOC when he failed to receive the first Right to Sue letter. Mr. Ortiz presented his initial complaint to the Court within the ninety-day period. Given these substantial indications that he wished to seriously pursue this claim, a pro se litigant should not be penalized for failing to understand and conform to the intricacies of running and tolled limitations periods.

One hundred and nineteen days is not an outrageous delay. Defendants here have not argued that they were significantly prejudiced by the additional twenty-nine days. Were the time lapse greater, the Court might be required to look behind the in forma pauperis petition to determine when Mr. Ortiz was laid off, within or without the ninety-day period. Under a less compelling fact situation, the Court might inquire as to the effect of the lay-off on plaintiff's finances, and the reasons that

such dire circumstances were not apparent from the initial filing. The instant case does not, however, require such a thorough investigation of Mr. Ortiz's mindset. This Court's equity jurisdiction is barely tapped by allowing this claim to proceed.

It is therefore ORDERED that defendant's Motion to Dismiss is DENIED.