**Ali COULIBALY, Plaintiff,**

v.

**T.G.I. FRIDAY'S, INC., John Carroll and Rick Wolf, Defendants.**

United States District Court,
S.D. Indiana,
Indianpolis Division.

Nov. 26, 1985.

Daniel R. Carroll, Indianapolis, Ind., for plaintiff.

James E. Hugh, Karen D. Scanlon, Sommer & Barnard, Indianapolis, Ind., for defendants.

## ENTRY

BARKER, District Judge.

This matter comes before the Court on the July 27, 1984 motion of defendants

T.G.I. Friday's, Inc., John Carroll, and Richard Wolf ("Defendants") to dismiss Count I of plaintiff Ali Coulibaly's ("Coulibaly") amended complaint. Coulibaly filed a brief in opposition to the motion to dismiss on September 17, 1984. This matter became fully briefed with the filing of defendants' reply brief on September 28, 1984.

The Court, being duly advised in the premises, now GRANTS defendants' motion to dismiss Count I of Coulibaly's amended complaint for the reasons set forth below.

*Background*

Coulibaly was employed by defendant T.G.I. Friday's as a prep cook from April 30, 1980, until his discharge on July 18, 1983. On October 5, 1983, Coulibaly filed a charge with the Equal Employment Opportunity Commission pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Coulibaly received his right to sue letter from the EEOC on January 3, 1984.

Coulibaly alleges that upon receipt of the right-to-sue letter he requested legal assistance from the offices of Legal Services Organization of Indiana, Inc., but that his request was denied by a letter dated March 28, 1984. On March 29, 1984, eighty-six days after he received the right-to-sue letter, Coulibaly filed with this Court the right-to-sue letter, including the determinations of the EEOC, along with an application to proceed *in forma pauperis.* The Court granted Coulibaly's motion to proceed *in forma pauperis* on April 16, 1984. On April 27, 1984, Coulibaly, by his attorney,[1] filed his complaint against T.G.I. Friday's. Subsequently, on May 17, 1984, Coulibaly filed a three-count amended complaint, adding defendants Carroll and Wolf.

In Count I, Coulibaly alleges that he was discharged by defendants because of his race and national origin. Count II is brought under 42 U.S.C. §§ 1981 and 1985 and alleges that defendants maintained a policy, custom, usage, or practice of intentional discrimination. In Count III, Coulibaly alleges that defendants conspired to perform discriminatory acts against him in violation of 42 U.S.C. § 1985(3). Defendants have moved to dismiss Count I only.

*Discussion*

Defendants argue that the filing of Coulibaly's initial complaint with this Court one hundred and fifty (150) days after receiving the right-to-sue letter is not timely. Defendants contend that even assuming that the time period during which the petition to proceed *in forma pauperis* was under consideration by the Court is tolled, the complaint was still filed ninety-seven (97) days after Coulibaly received the right-to-sue letter, which is not within the ninety-day filing period set forth in 42 U.S.C. § 2000e–5(f)(1).

Coulibaly, on the other hand, contends that the application to proceed *in forma pauperis* and the right-to-sue letter filed on March 29, 1984, constitute an initial complaint, and that these filings were made within the ninety-day statutory filing period. Coulibaly alternatively argues that the filing period should be equitably tolled.

Under the 1972 Amendments, Title VII requires that a person claiming to be aggrieved commence any civil action within ninety (90) days after receipt of the EEOC's notification of their right to sue. *See* 42 U.S.C. § 2000e–5(f)(1). This filing period is tolled where a plaintiff files an application to proceed *in forma pauperis.* However, this period is tolled only during the time the motion is pending; once the Court rules on the application to proceed *in forma pauperis,* the limitation period begins to run again. *Harris v. National Tea Company,* 454 F.2d 307 (7th Cir.1971) (limitation period tolled with filing of application for appointment of counsel and leave to proceed without payment of fees until court makes a decision on application); *Ortiz v. Clarence H. Hackett, Inc.,* 581 F.Supp. 1258, 1261 (N.D.Ind.1984).

**1.** The record reflects that Coulibaly's attorney entered an appearance on April 23, 1985.

Thus, in the present case the ninety-day limitation period began to run on January 3, 1984, when Coulibaly received the right-to-sue letter, and was not tolled until the filing of the *in forma pauperis* application on March 29, 1984, eighty-six (86) days later. The statutory period began to run again on April 16, 1984, the day this Court granted Colibaly's motion to proceed *in forma pauperis*. It would appear, then, that the filing of the complaint on April 27, 1984, ninety-seven (97) days after Coulibaly received the right-to-sue letter, was untimely and that his Title VII claim should be dismissed for lack of subject matter jurisdiction, unless the Court accepts Coulibaly's argument that the filing of the *in forma pauperis* application and the right-to-sue letter on March 29, 1984, were sufficient to satisfy the formal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. If this Court finds that these filings are not a "complaint" within the meaning of Rule 8, the filing of Coulibaly's complaint on April 27, 1984, would be untimely and subject to dismissal.

The United States Supreme Court in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), addressed the very issue presented by the case at bar. In *Baldwin County,* respondent Brown ("Brown") filed her claim with the EEOC on November 6, 1979, alleging that her former employer, Baldwin County Welcome Center ("Welcome Center") had discriminated against her. 104 S.Ct. at 1724. The EEOC issued Brown a notice of right to sue on January 27, 1981. Brown subsequently mailed the notice to the United States District Court along with a request for the appointment of counsel. These documents were received by the Court on March 27, 1981. On April 15, 1981, a United States Magistrate ordered Brown to make application for court appointed counsel on a form supplied by the District Court; at this time Brown was reminded that she had a statutory obligation to file a complaint within ninety (90) days of the issuance of the

right-to-sue letter. The application for appointment of counsel was not returned by Brown until May 6, 1981, ninety-six (96) days after receipt of the right-to-sue letter. The Magistrate denied her request for appointment of counsel on the ground that it was not timely made per his order; he deferred a ruling on the issue of whether the filing of the right-to-sue letter constituted commencement of a civil action within the meaning of Rule 3 of the Federal Rules of Civil Procedure. On June 9, 1981, one hundred thirty (130) days after Brown received the right-to-sue letter, she filed an "Amended Complaint" with the Court. *Id.*

On December 24, 1981, the District Court ruled that Brown had forfeited her right to pursue the Title VII claim because she failed to file a complaint meeting the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure within the statutory limitation period. *Id.* The District Court held that the right-to-sue letter failed the requirements of Rule 8 because it did not contain a factual basis for the discrimination claim. On appeal of this ruling, the Eleventh Circuit Court of Appeals reversed this dismissal, holding that the filing of the right-to-sue letter tolled the time period provided by Title VII. The Supreme Court granted the Welcome Center's petition for certiorari, and reversed the judgment of the Court of Appeals. *Id.*

In reversing the Court of Appeals, the Supreme Court held that in Title VII cases a plaintiff must satisfy the requirements of the general rules of pleading as set forth in the Federal Rules of Civil Procedure. The Court noted that Rule 3 states that "[a] civil action is commenced by filing a complaint with the court," and that Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 1724–25. The Court held that the filing of the right-to-sue letter with the District Court did not meet these general rules of pleading and that there was no persuasive

reason to relax these rules in Title VII cases. *Id.* at 1725, n. 4.[2]

The Supreme Court in *Baldwin County* has made it clear that in Title VII cases such as the one before the Court the rules of pleading shall be strictly applied. Taking into account the fact that Coulibaly filed the right-to-sue letter *pro se*,[3] and liberally construing these filings, the Court finds that Coulibaly failed to file a document containing a "short and plain statement" within the meaning of Rule 8 showing that he was entitled to relief. Although this case is somewhat different factually than the *Baldwin County* case, in that Coulibaly filed the right-to-sue letter and an application to proceed *in forma pauperis*, there is nothing about these facts which warrants a departure from the result reached by the Supreme Court in *Baldwin County.* In *Archie v. Chicago Truck Drivers, Etc.,* 585 F.2d 210, 217 (7th Cir.1978), the Seventh Circuit Court of Appeals stated that although the Court must construe layman-initiated proceedings liberally, the pleading nonetheless must contain "a short statement of the grounds upon which the Court's jurisdiction depends, a short statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which he deems himself entitled." Although in the application to proceed *in forma pauperis* Coulibaly indicated that the nature of his action was "[r]ace and [n]ational [o]rigin [d]iscrimination in [v]iolation of T[itle] VII of the Civil Rights Act of 1964 for terminating [his] employment on July 18, 1983," this statement does not meet the pleading requirements of Rule 8. There is no jurisdictional assertion or demand for judgment. Also, although there

is a statement that the alleged discriminatory act occurred on July 18, 1983, there is no statement of the facts showing Coulibaly's entitlement to relief.

Because Coulibaly did not commence this action within ninety (90) days after receiving the right-to-sue letter, defendant's motion to dismiss Count I of the amended complaint is GRANTED and the same is hereby DISMISSED.

**2.** The Eleventh Circuit Court of Appeals alternatively held that the 90-day filing period was "tolled" with the filing of the right-to-sue letter. The Supreme Court reversed this ruling as well, holding that these facts did not warrant the application of the doctrine of equitable tolling. *Id.* at 1725. The Court did note, however, that there were circumstances where tolling might be justified, such as where a motion for appointment of counsel accompanies the right to sue letter. *Id.* at 1725–26. *See Brown v. J.I. Case Co.,* 756 F.2d 48 (7th Cir.1985) (filing of right-to-sue letter and request for appointment of coun-

sel tolls the 90-day filing period). This Court has already held that the 90-day filing period was tolled during the time the motion to proceed *in forma pauperis* was pending before the Court, thus finding that the doctrine of equitable tolling should be applied in the present case.

**3.** In layman-initiated proceedings under Title VII, the Court is to construe liberally the procedural requirements. *Archie v. Chicago Drivers, Etc.,* 585 F.2d 210, 217 (7th Cir.1978).