**Paul L. BLOCK, Plaintiff,**

v.

**BOEING MILITARY AIRPLANE COMPANY, Defendant.**

**No. 86–1352–K.**

United States District Court, D. Kansas.

May 22, 1987.

**20**

James S. Phillips, Jr., Wichita, Kan., for plaintiff.

Gloria Flentje, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This case is before the court on defendant Boeing Military Airplane Company's motion to dismiss for lack of subject matter jurisdiction. Defendant contends the court lacks jurisdiction because the plaintiff, acting pro se, failed to file this action within 90 days after receiving his right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). Although plaintiff filed his right-to-sue letter and a copy of his EEOC charge with the court prior to the expiration of the 90 days, the defendant contends these documents were insufficient to comprise a complaint within the meaning of Fed.R.Civ.P. 8(a). Defendant alternatively argues that even if the court finds these documents did commence the action, the plaintiff failed to timely serve the defendant pursuant to Rule 4(j) and therefore his claim must be dismissed.

For the reasons set forth herein, the court finds the plaintiff did commence his action within the requisite 90 days, and further, although the defendant was not served within 120 days as required by Rule 4(j), equitable considerations require that the court deny defendant's motion to dismiss based on untimely service.

On January 22, 1986, the EEOC issued plaintiff a Notice of Right to Sue. The notice stated that "[i]f you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE . . ."

On April 21, 1986, 89 days after the right-to-sue letter was issued, the Clerk of the United States District Court for the District of Kansas received plaintiff's right-to-sue letter, a copy of his EEOC charge, and his $60.00 filing fee. The

clerk, in a letter dated April 21, acknowledged receipt of the documents and the money order, and further notified plaintiff that he was required to provide the court with a complaint for service upon the defendant.

The plaintiff did not respond. On August 29, 1986, this court issued an order to show cause why the action should not be dismissed for lack of prosecution.

On September 24, 1986, 245 days after the right-to-sue letter was issued, plaintiff filed a form complaint alleging he was discriminated against in violation of 42 U.S.C. § 2000e–5. The defendant was served with a summons (no complaint attached) on October 3, 1986, 163 days after plaintiff filed his right-to-sue letter and EEOC charge.

Thereafter, defendant filed its motion to dismiss based upon plaintiff's failure to file his action within 90 days. The court first heard argument on December 3, 1986. At that time, the court deferred ruling until counsel could be appointed to represent plaintiff and respond to defendant's motion. Plaintiff's counsel was thereafter appointed and has timely filed a responsive brief. On May 12, 1987, the court again heard arguments on defendant's motion. At that time, the court announced its decision to deny defendant's motion.

██] Consistent with its statements from the bench, the court first finds that a right-to-sue letter and a copy of the EEOC charge together comprise a Rule 8(a) "complaint", and thus the filing of these documents constitutes commencement of the action pursuant to Rule 3. In so holding, the court is aware of the Supreme Court's decision in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), in which the filing of a right-to-sue letter—by itself—was found to be insufficient because the letter did not contain a factual basis for the claim. 466 U.S. at 149, 104 S.Ct. at 1724. *Baldwin* is not controlling here because the EEOC charge filed by the plaintiff does set forth in considerable detail a factual basis for his claim of discrimination. The Eleventh Circuit has held, since *Baldwin*, that the filing of an EEOC charge, along with the right-to-sue letter, is sufficient to commence a Title VII action. *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330 (11th Cir.1984).

The defendant argues that this court should not follow *Judkins* because the court in that case failed to address the lack of a jurisdictional assertion or a demand for relief as required by Rule 8(a)(1) and (3). The defendant points out that in *Coulibaly v. T.G.I.Fridays, Inc.*, 623 F.Supp. 860 (S.D.Ind.1985), the court *did* address the lack of these two elements in finding the documents which were filed by plaintiff (a right-to-sue letter and an application to proceed in forma pauperis) were insufficient to comprise a Rule 8 complaint. The defendant fails to point out, however, that the basis of the court's decision was that the documents filed by plaintiff contained no statement of the facts, and thus were fatal under *Baldwin*. 623 F.Supp. at 863. The court did not *base* its decision on the lack of a jurisdictional assertion or a claim for relief—the court simply noted these elements were also missing. Thus, it cannot be assumed that had the documents contained a statement of the facts, the court would nevertheless have dismissed the case.

██] It is implicit in the *Baldwin* decision that the function of a complaint under the modern rules of procedure is simply to give notice to the defendant of the nature of plaintiff's case and state the facts the plaintiff believes to exist which constitute the cause of action. The defendant herein has been given such notice through the documents filed by plaintiff. Although Rule 8 also requires a jurisdictional statement, a defendant who has been notified as to the nature of the claim is not prejudiced by its absence. The reason for the requirement of a jurisdictional statement is that federal courts, being courts of limited jurisdiction, are never presumed to have subject matter jurisdiction; the complaint must demonstrate the basis for federal jurisdic-

tion. However, the operative facts in this case, as pled by plaintiff, clearly bring this case within the court's jurisdiction. *See, e.g., Lykins v. Pointer, Inc.*, 725 F.2d 645 (11th Cir.1984). Moreover, the right-to-sue letter specified that plaintiff may bring an action under Title VII, leaving little doubt as to the jurisdictional basis of plaintiff's claim. Finally, any deficiencies in plaintiff's complaint can be readily remedied by amendment. In *Baldwin,* the court addressed the possible application of Rule 15(c) to relate the amendment back to the date of the original pleading:

> The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. 3 J. Moore, Moore's Federal Practice ¶ 1515[3], p. 15–194 (1984). Although the Federal Rules of Civil Procedure do not require a complaint to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 2 L.Ed.2d 80, 78 S.Ct. 99 [103] (1957).

466 U.S. at 149, n. 3, 104 S.Ct. at 1725, n. 3.

In *Baldwin,* the initial "pleading" of the right-to-sue letter was insufficient to give defendant such notice. However, in this case, the EEOC charge did give defendant the requisite notice. Thus, the right-to-sue letter plus the EEOC charge constituted an original pleading that may be rehabilitated by invoking Rule 15(c).

Defendant argues that even if the action was commenced on April 21, 1986, the case must be dismissed because plaintiff failed to effect service upon defendant within 120 days after filing his complaint as required by Rule 4(j), which provides:

> If a service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause

why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion ...

In this case, the defendant was not served until October 3, 1986, 163 days after plaintiff filed his initial complaint with the court. This service followed the court's order to show cause issued on August 29, 1986.

■ Plaintiff has filed an affidavit with the court which suggests that the pro se plaintiff may have relied to his detriment on the Clerk of the Court, resulting in his delay in serving the defendant herein. If such was indeed the case, the plaintiff has shown "good cause" for his untimely service of summons. *See e.g., Moorehead v. Miller,* 102 F.R.D. 834 (D.V.I.1984). In any event, this court is sensitive to the fact that special care needs to be given to a pro se, indigent, civil rights plaintiff. Although defendant Boeing was served slightly outside the 120 days, it has not shown that it was in any way prejudiced by the delay in service. *See Geller v. Newell,* 602 F.Supp. 501 (S.D.N.Y.1984). As such, the equitable considerations in a case such as this outweigh a strict application of the Federal Rules. Therefore, defendant's motion to dismiss will be denied.

IT IS ACCORDINGLY ORDERED this 22 day of May, 1987, that defendant's motion to dismiss is denied. Plaintiff's counsel is further ordered to file an amended complaint on or before May 29, 1987.