Robert **RICHARDSON**

v.

**DIAGNOSTIC REHABILITATION CENTER.**

Civ. A. No. 92–5649.

United States District Court,
E.D. Pennsylvania.

July 27, 1993.

Robert Richardson, pro se.

Rachel S. Lieberman, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for defendant.

### MEMORANDUM

GILES, District Judge.

Defendant has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion is denied.

### I. FACTUAL BACKGROUND

The allegations of the complaint, which we assume to be true for the purposes of deciding this motion to dismiss, see, e.g., Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), are as follows. Defendant Diagnostic Rehabilitation Center ("DRC") is in the business of providing drug and alcohol treatment services. Plaintiff Robert Richardson ("Richardson"), who is an African American, was employed by DRC from February 1990 until May 1991. DRC discriminated against Richardson, because of his race, in the terms and conditions of his employment. This discriminatory treatment culminated after Richardson allowed a former DRC client to stay at his residence overnight while Richardson tried to get him admitted to a homeless shelter. Richard-

son's white supervisor advised him that this violated a DRC policy against fraternization with clients and forced him to resign, in spite of the fact that white employees who violated the same policy were retained. White personnel were subsequently assigned to perform the work Richardson had done. Richardson now brings this action against DRC, alleging that its discriminatory behavior violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. DRC moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that the Title VII claim is untimely and that the § 1981 claim is barred by Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

### II. TITLE VII

■ Title VII requires that a civil action be brought within ninety days after the plaintiff receives a "right to sue letter" from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(f)(1); Mosel v. Hills Department Store, Inc., 789 F.2d 251, 252–53 (3d Cir.1986).[1] In calculating the ninety day period, the day of receipt is omitted and the day of filing is counted. Dunlap v. Sears, Roebuck & Co., 478 F.Supp. 610, 611 n. 2 (E.D.Pa.1979) (citing Prophet v. Armco Steel, Inc., 575 F.2d 579 (5th Cir.1978); Geronymo v. Joseph Horne Co., 440 F.Supp. 1157 (W.D.Pa.1977)); Fed.R.Civ.P. 6(a). DRC argues that Richardson's Title VII claim must be dismissed because it was filed more than ninety days after he received his right to sue letter. The court agrees that the complaint was filed outside the ninety day limitation period. However, principles of equitable tolling save the Title VII claim from defendant's motion to dismiss.

#### A. Chronology

Plaintiff's right to sue letter is attached to his complaint and is dated June 30, 1992.

---

1. "In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of racial discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation.... Only after these procedures have been exhausted, and the plaintiff has obtained a 'right to sue' letter from the EEOC, may she bring a Title VII action in court." Patterson, 491 U.S. at 181, 109 S.Ct. at 2375.

Plaintiff, who is proceeding *pro se*, submitted his complaint and a motion to proceed *in forma pauperis* ("i.f.p.") to the Clerk of the Court on September 28, 1992. Therefore, the complaint and i.f.p. motion were submitted to the Clerk within ninety days of the date of the right to sue letter, and thus were submitted within ninety days of plaintiff's receipt of that letter.[2] However, the complaint was not "filed" at that time because Richardson did not pay the filing fee.[3]

The court denied Richardson's i.f.p. motion on October 2, 1992, because it found that he was employed and did not meet the standards for indigency. The court further ordered "that plaintiff shall file the required $120 filing fee by November 2, 1992 or the complaint shall be dismissed without prejudice." *See* Order of October 2, 1992. Plaintiff paid the fee to the Clerk of the Court on November 2.

Although plaintiff paid the filing fee as ordered by the court, and the complaint was already on file with the Clerk of the Court, the Clerk did not docket the complaint at the time that the fee was paid. When the court later discovered that the complaint had not been docketed in spite of the timely payment of the filing fee, it ordered the Clerk to file the complaint. The order further directed the Clerk to issue summons, and explained some of the technical details of filing and service to plaintiff. *See* Memorandum and Order of January 26, 1993. The Complaint was officially filed and docketed the next day, approximately four months after the end of the ninety day limitations period.

### B. Equitable Tolling

Title VII's ninety day limit for bringing suit is a statute of limitations, rather than a jurisdictional requirement, and is therefore subject to equitable tolling. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150–52, 104 S.Ct. 1723, 1725, 80

L.Ed.2d 196 (1984); *Mosel*, 789 F.2d at 253. *See also Irwin v. Veterans Administration*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (thirty day period after receipt of notice from EEOC in which to bring Title VII action against federal government is subject to equitable tolling). The above chronology shows, and it is undisputed by defendant, that plaintiff submitted his complaint and i.f.p. motion to the Clerk of the Court within the ninety day limitations period. While a complaint accompanied by an i.f.p. motion is usually not deemed "filed" until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations. *Adams v. Heckler*, 624 F.Supp. 63 (E.D.Pa.1985) (tolling sixty day limitations period for 42 U.S.C. § 405(g) appeal from denial of Social Security disability benefits) (citing *Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145, 149 (E.D.Pa.1981), *aff'd without op.*, 688 F.2d 822 (3d Cir.1982); *Mitchell v. Hendricks*, 68 F.R.D. 564, 568 (E.D.Pa. 1975)); *accord, Jones v. Waters*, 563 F.Supp. 817, 818 (E.D.Pa.1983) (tolling two year statute of limitations for 42 U.S.C. § 1983 civil rights actions); *Baxter v. Consolidated Rail Corp.*, 552 F.Supp. 394, 394–95 (E.D.Pa.1982) (tolling three year statute of limitations for action under Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*); *Cross v. Glenn*, Civil Action No. 91–5774, 1992 WL 357754 at *2 (E.D.Pa. Nov. 25, 1992) (tolling two year statute of limitations for assault and battery claim); *Ortiz v. Clarence H. Hackett, Inc.*, 581 F.Supp. 1258, 1260 (N.D.Ind.1984) (tolling ninety day period from receipt of right to sue letter for bringing suit under Title VII) (citing *Quiles v. O'Hare Hilton*, 572 F.Supp. 866, 867 (N.D.Ill.1983); *Crook v. Penn Central Transportation Co.*, 427 F.Supp. 956, 961 (N.D.Ill.1977)). A contrary holding would have the unjust effect of making the timeliness of any complaint submitted with a mo-

---

**2.** The presumed date of receipt is three days after the date on the letter. Fed.R.Civ.P. 6(c); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 147 n. 1, 104 S.Ct. 1723, 1724 n. 1, 80 L.Ed.2d 196 (1984).

**3.** Courts in this District have held that the submission of a complaint along with an i.f.p. motion to the Clerk of the Court amounts to com-

mencement of the action within the meaning of Fed.R.Civ.P. 3, even though the complaint cannot technically be "filed" until the i.f.p. motion is granted or the filing fee is paid. *Mack v. Salarna*, 684 F.Supp. 865, 865 (E.D.Pa.1988); *Move Organization v. Philadelphia*, 530 F.Supp. 764, 766 (E.D.Pa.1982).

tion to proceed *in forma pauperis* depend upon the speed with which the court addresses the plaintiff's allegations of indigency.

■ While submission of the complaint and i.f.p. motion to the Clerk tolled the statute of limitations, we need not assume that it stayed the limitations period for all time. Instead, we assume that a limitations period will generally begin to run again when the i.f.p. motion is denied. *See Ortiz*, 581 F.Supp. at 1261. Plaintiff's i.f.p. motion was denied on October 2, 1992. However, when the court denied plaintiff's i.f.p. motion, it gave him until November 2 to pay the filing fee. Because the court's order "led plaintiff to believe that [he would have] satisfied all statutory prerequisites to suit" if he paid the filing fee by November 2, the limitations period must be further tolled until the end of the time for payment given by the court. *Ford v. Temple Hospital*, 790 F.2d 342, 350 (3d Cir.1986) (citing *Baldwin*, 466 U.S. at 151, 104 S.Ct. at 1725).

■ When plaintiff paid the filing fee to the Clerk of the Court, his complaint, which was already on file with the Clerk, should have been officially filed and docketed. However, the Clerk failed to do so. When the court later discovered that the Clerk did not mark the complaint "filed" when the filing fee was paid, the Clerk was ordered to file the complaint. The complaint was subsequently filed and docketed by the Clerk, and summons was issued, on January 27, 1993. The ninety day limitations period must be further tolled during the period between the time that plaintiff paid the filing fee and when the complaint was formally filed by the Clerk. While plaintiff must submit the complaint and filing fee to the Clerk in a timely manner, it is the Clerk's duty to enter the complaint, and a delay in the performance of the Clerk's duty cannot affect the plaintiff's rights. *Robinson v. Waterman S.S. Co.*, 7 F.R.D. 51 (D.N.J.1947). *See also Ortiz*, 581 F.Supp. at 1260 ("[l]imitations periods are regularly tolled when 'internal administrative procedures' might frustrate compliance with statutory deadlines"). A contrary result would leave litigants at the mercy of adminis-

trative delays and errors caused by no fault of their own.

■ DRC argues that equitable tolling is not appropriate in this case because "where a plaintiff who clearly is not eligible applies for *in forma pauperis* status in bad faith solely to buy more time, the filing period should not be tolled." Reply Memorandum at 4. DRC's argument is supported by the Seventh Circuit Court of Appeals, which has stated: "[W]here a wealthy plaintiff has in bad faith requested the appointment of counsel in order to lengthen the filing period and compensate for a lack of diligence, equity clearly would not require or permit the tolling of the limitation period." *Brown v. J.I. Case Co.*, 756 F.2d 48, 51 (7th Cir.1985). However, there is no evidence of bad faith or lack of diligence in the instant case.

Richardson's i.f.p. motion was denied not because he is "wealthy," but simply because he is employed and therefore not indigent. A person who is not poor enough to qualify for i.f.p. status may still have difficulty raising the $120 filing fee, *see Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, 1553 (11th Cir.1986), and the fact that Richardson's i.f.p. motion was denied does not indicate that he was seeking i.f.p. status in bad faith. In addition we note that Richardson submitted his complaint at the same time that he submitted his i.f.p. motion. Thus, he acted with diligence in the preparation of his claim and it is hard to see what advantage he might have gained from the delay, which DRC does not claim was prejudicial. Finally we note that the bulk of the delay between submission of the i.f.p. motion and complaint and the formal filing of the complaint is attributable to clerical error for which Richardson cannot be held responsible.

We conclude that the complaint, although formally filed approximately four months after the expiration of Title VII's ninety day statute of limitations, was nevertheless timely because the ninety day limit was tolled during the intervening period. Therefore, DRC's motion to dismiss the Title VII claim must be denied.[4]

4. DRC complains that it was not actually served with the complaint until May 25, 1993. This

does not affect our conclusion that the action was timely. Title VII does not require that ser-

*III. 42 U.S.C. § 1981*

■ 42 U.S.C. § 1981 provides in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." In 1989, the United States Supreme Court held that section 1981's prohibition against racial discrimination in the making and enforcing of contracts "covers only conduct at the initial formation of the contract," and does not apply to discriminatory post-formation conduct. *Patterson v. McLean Credit Union,* 491 U.S. 164, 180, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Because plaintiff's § 1981 claim is based entirely upon discriminatory conditions of employment and the termination of his contract rather than its formation, *Patterson* requires that it be dismissed.

In the Civil Rights Act of 1991 ("CRA"), Pub.L. No. 102–166, Congress responded to *Patterson* by amending § 1981 to provide relief from discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." Civil Rights Act of 1991, § 101(2)(b); 42 U.S.C. § 1981(b). CRA became effective on November 21, 1991, approximately six months after the allegedly discriminatory discharge of which plaintiff complains. Therefore, CRA applies to plaintiff's § 1981 claim, and will save the claim from DRC's motion to dismiss, only if it applies retroactively.

The third circuit has not yet decided whether CRA should be applied retroactively. All but one of the courts of appeals which have confronted the issue have held that the Act is not retroactive. *See Butts v. City of New York Dept. of Housing Preservation and Development,* 990 F.2d 1397 (2d Cir.1993); *Johnson v. Uncle Ben's Inc.,* 965 F.2d 1363 (5th Cir.1992); *Harvis v. Roadway Express, Inc.,* 973 F.2d 490 (6th Cir.1992); *cert. granted sub nom., Rivers v. Roadway Express, Inc.,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993); *Banas v. American Airlines,* 969 F.2d 477 (7th Cir.1992); *Fray v. Omaha World Herald Co.,* 960 F.2d 1370 (8th Cir.1992); *Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370 (11th Cir.1992); *Gersman v. Group Health Ass'n, Inc.,* 975 F.2d 886 (D.C.Cir.1992). *Contra Davis v. City and County of San Francisco,* 976 F.2d 1536 (9th Cir.1992), *vacated in part on other grounds on denial of rehearing,* 984 F.2d 345 (9th Cir.1993). Additionally, most decisions by courts in this District have held that the Act only applies prospectively. *See Matthews v. Freedman,* Civil Action No. 88–3127, 1993 WL 204164 at *4 (E.D.Pa. June 8, 1993) (citing cases).

Although the weight of authority is against applying the Act retroactively, the Court of Appeals for the Ninth Circuit, in *Davis, supra,* gave solid reasons for its holding that the Act is retroactive. The *Davis* court found that the legislative history of the act contains numerous contradictions on the topic of retroactivity and casts no real light upon Congress's intent. Focussing on the language of the Act, the *Davis* court noted that the Act explicitly prohibits retroactivity with regard to conduct covered by its sections 402(b) and 109(c).[5] Applying the "elementary canon of construction that a statute should be interpreted so as not to render one part inoperative," *South Carolina v. Catawba Indian Tribe, Inc.,* 476 U.S. 498, 510 n. 22, 106 S.Ct. 2039, 2046 n. 22, 90 L.Ed.2d 490 (1986) (quoting *Colautti v. Franklin,* 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979)), the *Davis* court concluded that the rest of

vice be made on the defendant within ninety days of plaintiff's receipt of the right to sue letter, but only that an action be brought within that period. 42 U.S.C. § 2000e–5(f)(1). *Baldwin* held that this entails "filing a complaint with the court," *Baldwin,* 466 U.S. at 149–50, 104 S.Ct. at 1724–25 (citing Fed.R.Civ.P. 3), which we find Richardson has done in a timely manner. Moreover, DRC was served within 120 days after the complaint was filed and summons was issued on January 27, 1993, in accordance with Rule 4(j) of the Federal Rules of Civil Procedure. *See Robin-*

*son v. City of Fairfield,* 750 F.2d 1507, 1512 (11th Cir.1985).

**5.** Section 402(b) provides that the Act shall not apply retrospectively to *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), another Supreme Court decision that served as a spur to passage of CRA. Section 109(c) provides that the CRA's provisions giving the Act extraterritorial reach shall not apply retroactively.

the Act must be read to apply retroactively. *Davis* 976 F.2d at 1551. Otherwise, the specific language barring retroactive application of sections 402(b) and 109(c) is redundant and pointless. *Davis,* 976 F.2d at 1553.

The third circuit, in acknowledgment of the importance of the question of whether CRA is retroactive, has voted to decide the issue *en banc. Sinnovich v. Port Authority of Allegheny County,* 983 F.2d 1266 (3d Cir. 1993). Due to the conflict in authority in the courts of appeals and the pending resolution of this issue before our own court of appeals, this court will not decide the retroactivity issue at this time. Instead, DRC's motion to dismiss Richardson's § 1981 claim will be denied without prejudice, and we will await the outcome of *Sinnovich,* which should be dispositive of the issue.

### ORDER

AND NOW, this 27th day of July, 1993, upon consideration of defendant's motion to dismiss and plaintiff's response thereto, it is hereby ORDERED:

1. Defendant's motion to dismiss plaintiff's Title VII claim is DENIED.

2. Defendant's motion to dismiss plaintiff's 42 U.S.C. § 1981 claim is DENIED WITHOUT PREJUDICE.