**Arme Lee ROUNDS, Plaintiff,**

v.

**MILWAUKEE COUNTY COMMUNITY CORRECTIONAL CENTER,**
**Defendant.**

**Civ. A. No. 93–C–1167.**

United States District Court,
E.D., Wisconsin.

Aug. 29, 1994.

Ms. Arme L. Rounds, pro se.

Mark Grady, Principal Asst. Corp. Counsel, Milwaukee, WI, for defendant.

### *ORDER*

TERENCE T. EVANS, Chief Judge.

This is an action brought under 42 U.S.C. § 2000e *et seq.* The defendant has moved for

---

summary judgment dismissing the case on the basis that it is barred by the statute of limitations.

Ms. Rounds filed a charge with the United States Equal Employment Opportunity Commission alleging that she suffered disparate treatment in her employment in retaliation for her filing a previous EEOC charge. She received her notice of right to sue on July 28, 1993, by certified mail. Under 42 U.S.C. § 2000e–5(f), she then had 90 days in which to file a complaint in court, or until October 26, 1993. She filed a complaint, along with a request for leave to proceed *in forma pauperis,* on October 25, 1993.

By an order dated November 8, 1993, leave to proceed *in forma pauperis* was denied. I found that Ms. Rounds' affidavit in support of her request did not establish that she met the poverty requirements. On December 17, 1993, she paid the filing fee.

The defendant argues that although the statute of limitations was tolled while the request for leave to proceed *in forma pauperis* was pending, it began to run again on November 9 and expired on November 10. Ms. Rounds states that it was not until December 17, 1993, that she had the money to pay the filing fee, which she paid on that day.

■ As far as the defendant is concerned, the point is that after leave to proceed *in forma pauperis* was denied, her time ran out before she paid the filing fee. The issue, I believe, is not that simple.

■ It is clear that under 42 U.S.C. § 2000e–5(f) a civil action must be filed within 90 days after a complainant receives a "notice of right to sue." That requirement, however, is not jurisdictional, but a "requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. TransWorld Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

Some courts have found in situations analogous to Ms. Rounds' that the complaint either was timely filed or that equity demanded that the case be allowed to proceed. In *Rodgers v. Bowen,* 790 F.2d 1550 (11th Cir.1986), a case in which the plaintiff sought review of a decision of the Secretary of Health and Human Services, the court held that a complaint is "filed" for statute of limitations purposes when it is in the possession of the clerk, regardless of the untimely payment of the filing fee.

Some district courts have specific local rules regarding the procedures for filing a complaint when it is accompanied by a request for leave to proceed *in forma pauperis.* In the Northern District of Illinois, for instance, the complaint is "received" when it is submitted, but is not "filed" until leave to proceed *in forma pauperis* is granted. For purposes of the statute of limitations, however, despite a local rule to the contrary, if a "plaintiff has filed a complaint in compliance with the statute and the Federal Rules of Civil Procedure, it should be deemed 'filed' for statute of limitations purposes." *Gilardi v. Schroeder,* 833 F.2d 1226, 1233 (7th Cir. 1987). *See also Johnson v. Brown,* 803 F.Supp. 1414 (N.D.Ind.1992), and *Quiles v. O'Hare Hilton,* 572 F.Supp. 866 (1983).

This district has no local rule specifically detailing when a complaint is "filed." The practice in the district is to stamp the complaint filed when it is submitted, prior to a ruling on a request to proceed *in forma pauperis.* Then, if leave to proceed *in forma pauperis* is denied, a number of things might happen. The case might be dismissed outright; the plaintiff might be given a specific period of time to pay the filing fee—or a part of the fee; sometimes the plaintiff will be given a specific amount of time to clarify the allegations of her complaint.

It is clear to everyone that for statute of limitations purposes, Ms. Rounds' complaint was timely filed when it was originally received in the clerk's office. What happened next was that there was an order which merely denied leave to proceed *in forma pauperis,* without stating that the case was dismissed or that she had a certain amount of time to pay fees. Following the routine practice in this district, judgment was entered by the clerk denying leave to proceed and dismissing the case. Approximately five weeks later, Ms. Rounds came up with the $120 filing fee and the case was reopened.

The issues here are (1) did running of the 90–day time period resume upon denial of

the *in forma pauperis* request? and (2) are the facts sufficient to require equitable tolling of that limitations period? On analogous facts, the courts in *Ortiz v. Clarence H. Hackett, Inc.,* 581 F.Supp. 1258, 1260 (N.D.Ind.1984), and *Johnson v. Brown* allowed complaints to proceed, but on the different theories. The court in *Ortiz* thought the 90–day period resumed, but that equity required tolling of the limitations period. The *Johnson* court thought that the complaint was filed when it was originally submitted and, after leave to proceed *in forma pauperis* was denied, a delay in paying the filing fee until after the statute had run did not change the filing date.

I find that, under the circumstances in this case, the complaint is filed for purposes of the statute of limitations when it is originally received. Denial of leave to proceed *in forma pauperis* does not affect that fact where, as here, the fee is paid within a reasonable time thereafter. If my order denying leave to proceed *in forma pauperis* had specifically granted Ms. Rounds an additional amount of time to pay the fees, no issue regarding timeliness would have arisen. To say that she is out of luck because I did not do that— because of such a technicality—is contrary to the spirit of federal court litigation.

Furthermore, even if I were to reach a contrary conclusion on the legal issue, equity would demand that Ms. Rounds be allowed to proceed with her case. Ms. Rounds paid the filing fee, she says, as soon as she could. The fact that it took her five weeks to come up with the money should not knock her out of court. Also, the delay of a few weeks here is not prejudicial to the defendant. To quote *Ortiz,* "This Court's equity jurisdiction is barely tapped by allowing this claim to proceed."

IT IS THEREFORE ORDERED that the defense motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that a status conference will be held on October 25, 1994, at 8:45 a.m.