## Nathan L. BAXTER

v.

## CONSOLIDATED RAIL CORPORATION.

### Civ. A. No. 82–2855.

United States District Court,
E.D. Pennsylvania.

Dec. 8, 1982.

Nathan L. Baxter, in pro. per.

Jonathan F. Altman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The sole question presented by defendant's motion for summary judgment[1] involves construction of Fed.R.Civ.P. 3 which provides that "[a] civil action is commenced by filing a complaint with the Court". Specifically, defendant, Consolidated Rail Corporation, asserts that plaintiff's claim is time-barred and argues that although the application to proceed *in forma pauperis* was filed *prior* to the running of the applicable statute of limitations, said application was not granted until *after* the period had run. Hence, defendant urges that the complaint was not technically "docketed" and suit did not "commence" until after expiration of the statute of limitations. We disagree and deny the motion.

Plaintiff, a former employee of defendant, brings this action pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* (FELA) for injuries purportedly sustained while at work on July 2, 1979. FELA requires that all actions brought thereunder "shall . . . be commenced within three years from the day the cause of action accrued". 45 U.S.C. § 56. In the case at bar, plaintiff, proceeding *pro se,* filed a motion to proceed *in forma pauperis* on July 1, 1982. Seven days thereafter, on July 8, 1982, the order was entered and plaintiff's complaint filed. Hence, the question for decision is whether suit "commenced" within the meaning of Fed.R.Civ.P. 3 upon filing the application to proceed in *forma pauperis* or upon the subsequent docketing of the complaint. If the motion to proceed *in forma pauperis* "commences" the action and tolls the three-year statute, then the suit is not time-barred. However, if suit does not "commence" until the complaint is officially "filed", then the limitations period has run.

---

1. Although defendant captions its motion as a "Motion to Dismiss", we properly treat it as seeking summary judgment because "matters outside the pleading are presented to and not excluded by the Court". Fed.R.Civ.P. 12(b). *See e.g.,* Affidavit of Jonathan F. Altman, Esq.

Over twenty-five years ago the Sixth Circuit addressed an analogous issue and held that a complaint is "filed" upon its delivery to the Clerk, this notwithstanding plaintiff's failure to pay the appropriate filing fee. *Mohler v. Miller,* 235 F.2d 153 (6th Cir.1956). Thereafter, Judge Friendly considered the precise issue at bar and held that suit is "commenced" upon filing the motion for leave to proceed *in forma pauperis.* The action is not defeated by the fact that the limitations period expired pending disposition of the application to proceed *in forma pauperis. Rosenberg v. Martin,* 478 F.2d 520, 522 n. 1a (2nd Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973). *Accord, Allah v. Commissioner of Department of Correctional Services,* 448 F.Supp. 1123, 1127 (N.D.N.Y. 1978) ("An action is regarded as being commenced for limitations purposes on the date the Clerk receives the plaintiff's Complaint, even though the Complaint is not formally filed by the Clerk until sometime later, because filing has to await a disposition of plaintiff's motion for leave to proceed *in forma pauperis*".) Finally, two courts within this district have also considered the question at bar and have held that the application for leave to proceed *in forma pauperis* tolls the limitations period. *See, Krajci v. Provident Consumer Discount Corp.,* 525 F.Supp. 145, 149 (E.D.Pa.1981) and *Mitchell v. Hendricks,* 68 F.R.D. 564, 568 (E.D.Pa.1975).

Here, plaintiff's FELA claim accrued on July 2, 1979. One day short of three years later, July 1, 1982, he filed his motion for leave to proceed *in forma pauperis* and thereby tolled the limitations period. Accordingly, plaintiff's suit is not time-barred; defendant's motion will be denied.

An appropriate order will issue.