**Inman L. JONES, Jr.**

v.

**Officer David A. WATERS, and Detective Donald Butler.**

**Civ. A. No. 82–0234.**

United States District Court, E.D. Pennsylvania.

May 31, 1983.

Fredrick C. Hanselmann, German, Gallagher & Murtagh, Philadelphia, Pa., for plaintiff.

Linda S. Sonnenberg, Asst. City Sol., Philadelphia, Pa., for defendants.

MEMORANDUM

LUONGO, Chief Judge.

This civil action under 42 U.S.C. § 1983 was brought by plaintiff, Inman L. Jones, Jr., against Officer David A. Waters and Detective Donald Butler, both members of the Philadelphia Police Department, for violation of his rights under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States. The

complaint alleges that Officer Waters, acting under color of state law, forced his way into plaintiff's home without consent, a warrant or probable cause; "seized" plaintiff without probable cause to make an arrest; made a warrantless search of the premises; and, in the course of that search, intentionally destroyed plaintiff's personal property. With respect to Detective Butler, the complaint alleges that Butler, acting under color of state law, handcuffed plaintiff to a chair in an unventilated, escape-proof room in a Philadelphia police station and detained him for several hours without probable cause to believe plaintiff had committed a crime and without formally arresting or charging plaintiff with any crime. Pursuant to Fed.R.Civ.P. 56, defendants move for summary judgment on the grounds that (1) plaintiff's claims are barred by the statute of limitations; (2) the complaint fails to state a "cause of action" against either defendant; and (3) plaintiff is collaterally estopped by a prior criminal conviction from relitigating the lawfulness of his arrest and detention. After considering each of these grounds, I conclude that summary judgment is inappropriate and therefore will deny defendants' motion.

The incidents stated in the complaint are alleged to have occurred on January 17, 1980. The complaint was docketed on January 20, 1982. Defendants contend that plaintiff's claims under § 1983 are most analogous to those claims under Pennsylvania state law which are governed by the two-year statute of limitations set forth at 42 Pa.Cons.Stat.Ann. § 5524. Thus, defendants assert that the statute had run by the time plaintiff filed his complaint.

I conclude that plaintiff's action was commenced within the applicable statute of limitations. The complaint together with a motion to proceed in forma pauperis were received in the office of the clerk of court on Monday, January 18, 1982. Since the incidents alleged in the complaint occurred on January 17, 1980, the statute could have expired no earlier than Sunday, January 17, 1982. Because the last day was a Sunday, however, plaintiff had until the following day to commence his action. There is no question, therefore, that plaintiff's action would have been timely had he not sought leave to proceed in forma pauperis. His having sought to do so, however, does not operate to his detriment. The statute of limitations was tolled once his complaint and motion for leave to proceed in forma pauperis were lodged with the court. Krajci v. Provident Consumer Discount Co., 525 F.Supp. 145, 149–50 (E.D.Pa.1981), aff'd without opinion, 688 F.2d 822 (3d Cir.1982). Accordingly, when plaintiff's motion was granted and the complaint filed, the statute of limitations had not yet run.

I also reject the remaining two bases for defendants' motion. It is apparent from the supporting memorandum of law that each of these grounds is predicated upon facts outside the record presented by this motion. Fed.R.Civ.P. 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that the moving party is entitled to judgment as a matter of law." The record on the instant motion consists solely of the complaint and the answer thereto and on the basis of those bare pleadings, defendants are not entitled to judgment in their favor.

Accordingly, on the present state of the record, I will deny defendants' motion for summary judgment. However, because the memorandum of law in support of the motion indicates a set of facts which, if true, would preclude recovery in this case,[1] I will

---

1. Briefly, the memorandum of law recites the following factual scenario: In the early hours of January 17, 1980, four men abducted a woman, took her to an unfamiliar residence, and sexually assaulted her. At some point, she managed to escape and immediately called the police. Officer Waters responded to the call and was led to the site of the assault by the woman. Peering through a window, Waters and the woman saw plaintiff and another man. After the woman identified these men as two of her four assailants, Officer Waters entered the residence and arrested the two men. No search was made of the residence at that time. Instead, Waters took the two men into custody. Plaintiff was subsequently convicted of rape

deny defendants' motion without prejudice to its renewal after further development of the record.

and is now serving a sentence of six to twenty years imprisonment. The memorandum further recites that Detective Butler had no involvement in the interrogation of plaintiff following the arrest.

A copy of the police report of the rape investigation and portions of the transcript from plaintiff's criminal trial are attached as exhibits to defendants' memorandum of law, but no affidavit is submitted to authenticate these exhibits. These materials do not therefore comply with Fed.R.Civ.P. 56(c) and may not be considered on this motion.

I note that plaintiff's conviction for rape does not by itself imply that his constitutional rights were not violated by his arrest and detention on January 17, 1980. Thus, if defendants decide to renew their motion, they perhaps would be better served by submitting affidavits to substantiate the specifics of their involvement in the incidents alleged in the complaint.