Elmer David JONES, Jr., Plaintiff,

v.

Earlette HINTON, Angela Palo, Jennifer Lalena and American Travellers Corporation, Defendants.

No. 93–CV–5979.

U.S. District Court,
E.D. Pennsylvania.

March 24, 1994.

Elmer David Jones, Jr., Willingboro, NJ, for plaintiff.

Marvin L. Weinberg, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendants, Earlette Hinton, Angela Palo, Jennifer LaLena and American Travellers Corp. ("defendants") have filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that plaintiff's complaint, which contains two counts of defamation, should be dismissed because it was filed after the statute of limitations had run, and because defendants' acts complained of were privileged and therefore plaintiff has failed to state a claim. However, for the reasons set forth below, we find that defendants' arguments are without merit.

### Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is the appropriate method in which to challenge the legal sufficiency of a claim. *See United States v. Marisol, Inc.*, 725 F.Supp. 833 (M.D.Pa.1989). In ruling upon a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990). In so reviewing the pleadings and any materials of record, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990); *Hough/Loew Assoc., Inc. v. CLX Realty Co.*, 760 F.Supp. 1141, 1142 (E.D.Pa.1991). A complaint is properly dismissed if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2

L.Ed.2d 80 (1957); *Ranson v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988). However, a court must construe *pro se* complaints liberally, and such complaints are held to less stringent standards than those drafted by attorneys. *Blassingale v. Administration at Suburban Gen. Hosp.*, No. CIV.A. 93–2601, 1993 WL 451491, at 1 (E.D.Pa. Nov. 3, 1993) (citations omitted); *Orrs v. Comings*, No. CIV.A. 92–6442, 1993 WL 418361 at 1 (E.D.Pa. Oct. 13, 1993) (citations omitted).

### Discussion

Mr. Jones, a *pro se* plaintiff, has brought this action against his former employer and former co-workers. In count one, plaintiff alleges that defendant Palo told other co-workers that plaintiff was a cocaine user and seller. Complaint, para. 12. He also alleges that defendants Palo, LaLena and Hinton wrote memoranda to the personnel office at American Travellers Corporation ("ACT") claiming that plaintiff had sexually harassed each of them. *Id.* at paras. 10, 11. These acts allegedly occurred on November 12 and 13, 1992. In count two, plaintiff alleges that Wayne Vosik, ACT's in-house attorney, told plaintiff's former attorney that plaintiff was fired because he "continued to sexually harass" female employees after receiving an oral warning. Complaint, para. 24. He also alleges that Mr. Vosik caused these same statements to be made to the Pennsylvania Unemployment Compensation Bureau ("PUCB"). *Id.* at para. 2.

### I. Statute of limitations

Defendants first seek dismissal of the complaint on the ground that it was filed after the statute of limitations had run. Defendants argue that plaintiff admits in the complaint that he first learned of the statements contained in count one on November 13, 1992 when he received an oral warning from his employer. However, the complaint was not filed until November 19, 1993, and therefore, defendants argue that plaintiff failed to file the complaint within the one year time frame as required by the applicable statute of limitations. *See* 42 Pa.C.S.A. § 5523(1) (Supp.1993).

The statute states that an action for libel, slander or invasion of privacy must be commenced within one year. *Id.* While it is true that plaintiff admits he received an oral warning on November 13, 1992, it is not true that he did not file the complaint within the applicable time period. Plaintiff had until November 13, 1993 in which to commence his action. Plaintiff filed his motion for leave to proceed *in forma pauperis* (which included a copy of the complaint) on November 12, 1993. The motion for leave to proceed *in forma pauperis* was granted by this Court on November 19, 1993, at which point the complaint was actually filed. However, even though the complaint was not officially filed until November 19, 1993, plaintiff's action is not defeated because the statute of limitations was tolled when plaintiff filed his motion for leave to proceed *in forma pauperis.* *See Jones v. Waters,* 563 F.Supp. 817, 818 (E.D.Pa.1983) (statute of limitations was tolled once plaintiff lodged motion for leave to proceed *in forma pauperis* and complaint with court); *Baxter v. Consolidated Rail Corp.,* 552 F.Supp. 394 (E.D.Pa.1982) (suit was commenced when plaintiff filed motion for leave to proceed *in forma pauperis* ). Accordingly, plaintiff's suit is not time-barred and defendants' first argument fails.

## II. *Privilege*

██ Defendants next argue that their actions were protected by a privilege and therefore the complaint should be dismissed. Defendants argue that a conditional privilege attached to the actions of defendants Palo, Hinton and LaLena when they wrote the memoranda to inform their employer of the alleged sexual harassment. Defendants next argue that the statements made by Mr. Vosik to plaintiff's attorney were absolutely privileged pursuant to section 586 of the Restatement of Torts (Second) which protects all communications which are made preliminary to, or in the course of a judicial proceeding. Finally, defendants argue that the statements made by Mr. Vosik to PUCB were also protected by an absolute privilege.

██ Whether a statement is protected by an absolute or a conditional privilege is a question of law to be determined by the court. *Bargerstock v. WGCAC,* 397 Pa.Super. 403, 580 A.2d 361, 364 (1990); *Agriss v. Roadway Express, Inc.,* 334 Pa.Super. 295, 483 A.2d 456, 463 (1984). However, a privilege may be abused if the defendant acted out of malice, the statement was published to other persons than those needed to accomplish the purpose of the privilege, the statement was published for other reasons than to accomplish the purpose of the privilege, the statement contained other information than what was necessary to accomplish the privilege or the statement was made negligently. *Gonzalez v. CNA Ins. Co.,* 717 F.Supp. 1087, 1090 (E.D.Pa.1989); *Bargerstock,* 397 Pa.Super. 403, 580 A.2d 361, 364 (1990); *Agriss,* 334 Pa.Super. 295, 483 A.2d 456, 463 (1984). Whether or not a privilege has been abused is a question of fact for the jury. *Bargerstock,* 397 Pa.Super. 403, 580 A.2d 361, 364 (1990); *Agriss,* 334 Pa.Super. 295, 483 A.2d 456, 463 (1984).

In the present case, defendants' second argument fails because, even assuming the statements are protected by a privilege, it would be a jury question as to whether or not the privilege was abused. Thus, this argument cannot properly be considered on a motion to dismiss. Moreover, we decline to decide whether the statements are even protected by any privilege at this point in the proceedings because the record is inadequate to make such a determination. Therefore, defendants' motion is denied.