Betty J. MILLER and Carl B. Miller,
wife and husband, Plaintiffs,

v.

GROUP VOYAGERS, INC., Defendant.

No. 95–CV–5443.

United States District Court,
E.D. Pennsylvania.

Jan. 26, 1996.

Richard J. Orloski, Orloski & Hinga, Allentown, PA, for Plaintiffs.

J. Michael Kunsch, Sweeney, Sheehan & Spencer, Philadelphia, PA, for Defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

The defendant in this diversity case, Group Voyagers, Inc., d/b/a Globus ("Globus"), has submitted a motion asking us to dismiss the plaintiffs' complaint on the grounds that it fails to state a claim on which relief can be granted. Alternatively, the defendant asks that we issue an order striking Exhibit "A" to the complaint. For the reasons that follow, we will deny the defendant's motion in its entirety.

### BACKGROUND

The facts, as recited in the complaint, are as follows. The plaintiffs are Betty and Carl Miller, a wife and husband who contracted with Globus to take a two-week tour in Australia in 1994. Pursuant to their agreement, the Millers paid consideration to Globus in exchange for air travel, a tour guide, hotel accommodations and sightseeing excursions. The Millers were assured that their tour guide would be one of the "top professionals

in the business, to ensure that your trip is a success," and that the hotels would be "comfortable, clean and attractive." The agreement also contained a clause limiting Globus's liability, as follows: "The tour participant agrees that neither the Company nor its affiliates shall be liable for any damage, loss (including personal injury, death and property loss) or expense occasioned by any act or omission of any supplier providing tour services or any other person."

The Millers began their tour on October 15, 1994. Globus arranged for them to stay at the Manhattan hotel during their visit to Sydney, where Mrs. Miller contracted scabies as a result of the unsanitary condition of her hotel room. As a result of her affliction, Mrs. Miller experienced extreme discomfort and was compelled to forego a number of the sightseeing trips and excursions. Mrs. Miller informed the tour guide of her condition, but the guide failed to take adequate steps to address the situation. Later during their tour, while staying at the Colonial Club in Cairns, burglars broke into the Millers' hotel room and pilfered cash in the amount of $1,520. The Millers allege that Globus was negligent in that it had notice of the fact that the Manhattan hotel was maintained in an unsanitary fashion and that thefts regularly occurred at the Colonial Club, and still arranged for accommodations in the two hotels. In this way, the Millers contend that Globus failed to ensure that the accommodations it arranged for its clients were reasonably clean and secure, thereby causing the plaintiffs' harm and loss.

On August 25, 1995, the Millers filed the instant complaint in this Court. The complaint contains three counts, including (1) a negligence claim; (2) Mr. Miller's loss of consortium claim grounded in negligence; and (3) a claim based on breach of contract. Globus responded with the instant motion, in which it contends that it cannot be liable to the Millers under a negligence theory, since it neither owed them a duty of care nor caused the Millers' harm. Moreover, Globus contends that the Millers cannot seek relief from it because of the liability limitation clause in the agreement, and must instead pursue their claims against the offending ho-

tels directly. Finally, Globus contends that the Millers cannot recover under contract theory, since it fulfilled all of its contractual obligations. We turn now to address these contentions as applied to the standard for a motion filed under Fed.R.Civ.P. 12(b)(6).

## DISCUSSION

### A. Standard for a Rule 12(b)(6) Motion

A motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) is the proper means by which a defendant challenges the legal sufficiency of a complaint. *Jones v. Hinton*, 847 F.Supp. 41, 42 (E.D.Pa.1994). To survive a motion to dismiss, the plaintiff must set forth facts which state a claim as a matter of law. *Taha v. INS*, 828 F.Supp. 362, 364 (E.D.Pa.1993). The court must accept as true all of the factual averments in the complaint and extend to the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). Thus, a complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

### B. Counts I and II: Negligence

In order to sustain a cause of action in negligence under Pennsylvania law, plaintiffs must show that (1) defendant owed them a duty of care; (2) defendant breached that duty; and (3) a causal link existed between the breach of duty and plaintiffs' injury and harm. *Markovich v. Bell Helicopter Textron, Inc.*, 805 F.Supp. 1231, 1236 (E.D.Pa.) (citations omitted), *aff'd* 977 F.2d 568 (3d Cir.1992); *Klein v. Council of Chemical Associations*, 587 F.Supp. 213, 222 (E.D.Pa. 1984) (citations omitted). In the instant action, Globus first argues that it owed no duty to the Millers, other than the obligation under the contract to provide transportation, sightseeing opportunities and hotel accommodations. It also contends that it cannot be liable because it did not cause the Millers' injuries.

### 1. *Duty of Care*

■ It is thus clear that Globus cannot be liable to the Millers unless it owed them a duty of care. *Monahan v. Toro Co.*, 856 F.Supp. 955, 965 (E.D.Pa.1994). Courts in Pennsylvania have held that the existence of a duty " 'is predicated on the relationship existing between the parties at the relevant time.' " *Zanine v. Gallagher*, 345 Pa.Super. 119, 497 A.2d 1332, 1334 (1985) (quoting *Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680, 684 (1983)). The duty question arises when the defendant's conduct exposes the plaintiff to risk of harm. *Snyder v. ISC Alloys, Ltd.*, 772 F.Supp. 244, 253 (W.D.Pa.1991). Thus, foreseeability is the basis on which a duty is established. In other words, the defendant owes the plaintiff a duty if the defendant's actions are " '*unreasonable*, or expose the plaintiff to an elevated risk of *foreseeable* harm.' " *Brantner v. Black & Decker Mfg. Co.*, 831 F.Supp. 460, 462 (W.D.Pa.1993) (quoting *Mohler v. Jeke*, 407 Pa.Super. 478, 595 A.2d 1247, 1252 (1991)).

Upon review of the Millers' complaint, we conclude that it properly articulates a legal duty owed and a breach thereof. Specifically, the Millers have asserted that Globus had knowledge of both the unsanitary nature of the Manhattan Hotel in Sydney and the rash of thefts that plagued the Colonial Club in Cairns. Further, the Millers contend that Globus arranged for accommodations for them at the two hotels, despite possessing knowledge of their unsuitability. As a result, we conclude that under the facts presented in the complaint, the risk of harm to the Millers was foreseeable to Globus. Accordingly, we decline to dismiss the negligence-based claims on the basis that Globus owed no duty of care to the Millers.

### 2. *"But For" Causation*

■ We likewise conclude that the Millers have adequately pleaded their negligence claims with respect to the causation element. Of course, in order to recover under Pennsylvania law, the plaintiff must show that the defendant caused the plaintiff's harm. Our Court of Appeals has described the plaintiff's burden regarding causation as follows:

Proof of causation involves two elements: proof of cause in fact and proximate cause. Cause in fact or "but for" causation requires proof that the harmful result would not have come about but for the conduct of the defendant. Proximate cause, in addition, requires proof that the defendant's conduct was a substantial contributing factor in bringing about the harm alleged.

*Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 366–67 (3d Cir.1990) (discussing Pennsylvania law). Globus does not make an argument regarding proximate cause, but instead simply contends that the offending hotels, and not it, caused the alleged injuries. Of course, the law does not limit liability to those most directly responsible for a certain harm. Indeed, under a "but for" test, it is clear that Globus cannot prevail here by arguing that it did not cause the Millers' injuries: if Globus had acted on the information it allegedly possessed regarding the Manhattan Hotel and the Colonial Club, the Millers would not have suffered the injuries that are at the heart of this lawsuit. As a result, we must reject Globus's argument regarding causation.

### 3. *Liability Limitation Clause*

■ Globus's final argument in favor of dismissal of the negligence claims is that they must fail in light of the liability limitation clause. As we noted above, the parties agreed that Globus would not be liable for any harm caused "by any act or omission of any supplier providing tour services or of any other person." Globus points out that such clauses are explicitly authorized by Title 14 of the Code of Federal Regulations, which provides in relevant part that

Contracts between charter operators and charter participants shall state:

. . . . .

(x) That the charter operator is the principal and is responsible to the participants for all services and accommodations offered in connection with the charter. However, the contract may expressly provide that the charter operator, *unless he is negligent*, is not responsible for personal injury or property damage caused by any

direct air carrier, hotel, or other supplier of services in connection with the charter.

14 C.F.R. § 380.32 (1995) (emphasis added).

The first flaw in this line of argument is that the limitation clause does not cover the situation in which Globus itself is negligent. Instead, the clause covers harmful acts or omissions on the part of either those providing tour services or other persons, but does not exempt Globus when the alleged tortfeasor is Globus itself. Moreover, the regulation on which Globus relies does not permit the charter operator to escape liability in the event that it is negligent, as noted in the emphasized language above. Because the complaint alleges that Globus itself was negligent in the manner it selected both the hotels in which it quartered tour participants and the tour guides, it cannot rely on the liability limitation clause to achieve the dismissal of the complaint.

## C. *Count III: Contract*

■■■ As noted previously, the Millers have alleged in their complaint that Globus's conduct amounted to a breach of the agreement between the parties. Globus contends that its only contractual duty was to make arrangements for the tour services; and since it did in fact provide those services, it cannot be liable under a contract theory. Of course, as any reasonably attentive first-year law student knows, a contract claim can arise even when the promised services are provided, if the quality of the services falls materially short of contractual specifications. Thus, whether a defendant's performance is sufficient to overcome a breach of contract suit depends on the surrounding circumstances and construction given to the agreement. *Biddle v. Johnsonbaugh,* 444 Pa.Super. 450, 664 A.2d 159, 163 (1995); *West Dev. Group, Ltd. v. Horizon Financial, F.A.,* 405 Pa.Super. 190, 592 A.2d 72, 76 (1991). In the present case, Globus promised to select for the Millers "comfortable, clean and attractive" hotels, "located in good neighborhoods." If the complaint is to be believed, Globus failed to meet these requirements. Accordingly, we must deny its motion to dismiss the contract claim.

## D. *Motion to Strike Exhibit "A"*

■■■ We now consider Globus's request that we strike Exhibit "A" to the complaint pursuant to Fed.R.Civ.P. 12(f). Exhibit "A" is a medical report prepared by an Australian physician named Dr. R. Lee, who apparently examined Mrs. Miller and diagnosed her condition as scabies. Globus argues that the Millers are attempting to place the report in the record by circumventing evidentiary rules regarding hearsay and authentication. Rule 12(f) allows the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Globus contends that the report is redundant and immaterial in that it merely echoes the allegation made in the complaint that Mrs. Miller contracted scabies.

■■■ While courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored and will generally be denied unless the material bears no possible relation to the matter at issue and may result in prejudice to the moving party. *North Penn Transfer, Inc. v. Victaulic Co. of Amer.,* 859 F.Supp. 154, 158 (E.D.Pa.1994); *see Great West Life Assurance Co. v. Levithan,* 834 F.Supp. 858, 864 (E.D.Pa.1993) ("Motions to strike are often not granted if there is an absence of a showing of prejudice to the moving party."). In the case at hand, we can identify no prejudice that will befall Globus if we deny its motion. Of course, should the Millers seek to introduce Dr. Lee's report into evidence at trial, Globus is free to raise any appropriate objection, which the Court will consider and rule upon. For now, however, since Globus has not convinced us that it will be prejudiced by the inclusion of Dr. Lee's report, the motion, in this respect as well, will be denied.

## CONCLUSION

For the reasons stated above, Globus's motion will be denied in its entirety. An appropriate order follows.

## ORDER

AND NOW, this 24th day of January, 1996, upon consideration of Defendant's Mo-

tion to Dismiss Plaintiff's Complaint and to Strike Exhibit "A" from Plaintiff's Complaint, and the response thereto, it is hereby ordered, for the reasons set forth in the preceding Memorandum, that said Motion is DENIED.