# Majoris v. Robicks Auto Body and Auto Sales

C.P. of Butler County, no. 96-10472.

*Howard F. Messer* and *Philip A. Fabiano,* for plaintiffs.

*Raymond J. Conlon,* for defendant.

DOERR, *P.J.,* November 28, 2000—This matter is before the court upon defendant Robicks Auto Body and Auto Sales' motion for summary judgment.

Plaintiffs Michael Majoris and Barbara Majoris, commenced this action by a praecipe for writ of summons filed on May 30, 1996. On March 10, 1998, plaintiffs filed a complaint against defendant wherein they alleged that on May 31, 1994, plaintiff-husband Michael Majoris, suffered personal injuries caused by defendant's negligent repairs to their vehicle. Plaintiffs allege that in September of 1988, they took their 1985 Pontiac Fiero to defendant for repairs after the vehicle had been stolen and damaged. Plaintiffs claim that they contracted with defendant to perform repairs including, inter alia, removal, adjustment, replacement and/or repair of the forward mounted exhaust manifold, and replacement of the engine and the fire/heat shield. Plaintiffs further claim plaintiff-husband, Michael Majoris, told defendant to make sure the fire shield was put on. Plaintiffs claim that defendant failed to properly replace, repair, adjust or reinstall the fire/heat shield. Plaintiffs claim that as a result of defendant's negligence, the vehicle caught on fire while it was in use by plaintiff-husband Michael Majoris, and that he fell and injured his hand and knee after exit-

ing the burning vehicle in a panic. Plaintiffs seek damages in the nature of loss of income and impairment of future wages, medical expenses, and loss of consortium.

Defendant filed an answer and new matter on May 20, 1999. Defendant concedes that it performed repairs to plaintiffs' Pontiac Fiero in September 1988, however, defendant denies that it contracted to perform any work on, or replace the fire/heat shield. Under its new matter, defendant asserts numerous defenses to plaintiffs' claims. Defendant claims that plaintiffs' cause of action is barred by the statute of limitations; is barred by the doctrine of comparative negligence; and that plaintiffs' injuries are covered under the Pennsylvania Motor Vehicle Financial Responsibility Act. Defendant further avers that plaintiff-husband Michael Majoris' injuries were pre-existing conditions and that additional repairs had been made to the vehicle between September 1988 and May 1994.

Defendant filed a motion for summary judgment, and brief in support thereof, on July 26, 2000. Defendant claims that its duty was limited to the repair of the vehicle, which was done six years before the fire, and that the injury that occurred was not a foreseeable risk of the repairs. Defendant further claims that the repairs did not play a substantial factor in the injuries allegedly sustained by plaintiff-husband. According to defendant, there is no dispute as to the facts of the case and defendant is entitled to judgment as a matter of law.

Defendant filed a supplemental motion for summary judgment and brief in support thereof on August 17, 2000. Defendant avers that plaintiffs will be unable to prove

that defendant's repairs were negligent because the evidence, namely the vehicle, has been spoiled at the hands of plaintiffs. Defendant claims that plaintiffs were responsible for preserving the car, however, it was destroyed without notice to defendant. Defendant claims it is prejudiced by the spoliation of the evidence. According to defendant, the court cannot reach the issue of negligence because plaintiffs cannot produce the vehicle allegedly negligently repaired. As such, defendant claims it is entitled to summary judgment.

With regard to the spoliation of the evidence issue, plaintiffs aver that they contacted defendant's insurer to inspect the vehicle, however the insurer refused to inspect it. Plaintiffs further aver that defendant is not prejudiced by the fact that the vehicle is no longer available because there are photographs of the vehicle that show there was no fire shield installed. Further, plaintiffs aver that other evidence, including a report relative to the cause of the fire, is available to prove their claim. Additionally, plaintiffs aver that defendant's supplemental motion for summary judgment is untimely, as defendant already filed a motion for summary judgment.

Rule 1035.2 of the Pennsylvania Rules of Civil Procedure provides that any party may move for summary judgment "after the relevant pleadings are closed, but within such time as not to unreasonably delay trial." In this case, defendant filed a motion for summary judgment on July 26, 2000 and a supplemental motion for summary judgment less than one month later. While the supplemental motion for summary judgment was filed after the pretrial conference in this matter, the court finds that the filing of the same will not unreasonably delay

the trial as the case is set for trial in January 2001. The court has no reason to believe the trial date will be delayed as a result of defendant's supplemental motion for summary judgment.

"Summary judgment is appropriate only [when] no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." See *Stone v. York Haven Power Co.*, 561 Pa. 189, 198, 749 A.2d 452, 457-58 (2000); Pa.R.C.P. no.1035.2. Further, summary judgment can only be granted in a clear case and the record must be viewed in a light most favorable to the non-moving party. See *Salerno v. LaBarr,* 159 Pa. Commw. 99, 102, 632 A.2d 1002, 1004 (1993).

Defendant presents two arguments in its motion for summary judgment. Defendant avers that plaintiff has failed to establish a cause of action for negligence under the facts of the case. Defendant also avers that through plaintiffs' own fault, the vehicle has been destroyed and, therefore, there is no evidence to support plaintiffs' allegation that defendant was negligent in its repair of the vehicle, and that defendant would be prejudiced if the case were to proceed. Defendant further claims that the court cannot reach the issue of negligence because of the lack of evidence.

The court first addresses whether plaintiffs' action can proceed even though the vehicle at issue has been destroyed. Courts in Pennsylvania have applied a three-part test, which was set forth by the Third Circuit Court of Appeals in *Schmid v. Milwaukee Electric Tool Corp.,* 13 F.3d 76 (3d. Cir. 1994), to determine the appropriate sanction for spoliation of a product that is the subject of

a suit. See *Schroeder v. PennDOT,* 551 Pa. 243, 250, 710 A.2d 23, 26-27 (1998); *Smitley v. Holiday Rambler Corp.,* 707 A.2d 520, 527 (Pa. Super. 1998); *Dansak v. Cameron Coca-Cola Bottling Co. Inc.,* 703 A.2d 489, 494 (Pa. Super. 1997). In making such a determination the court must consider, "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party, and (3) the availability of a lesser sanction that will protect the opposing party's rights and deter future similar conduct." See *Schroeder,* 551 Pa. at 250, 710 A.2d at 27. The leading Pennsylvania cases concerning spoliation are generally in the nature of product liability actions. However, in *Pia v. Perrotti,* 718 A.2d 321 (Pa. Super. 1998), the Pennsylvania Superior Court applied the *Schmid* three-part test to a case where the plaintiff brought an action against an electrical contractor claiming the contractor was negligent in failing to adequately tighten wires, which caused a fire. In *Pia,* the plaintiff failed to preserve the entire fire scene, however, the Superior Court found that the trial court acted appropriately in not applying the harsh sanction of dismissing the action, but in only including a charge to the jury that they could draw a spoliation inference against the plaintiff for failure to preserve all of the evidence. See *Pia,* 718 A.2d at 325.

In this case, the vehicle that caught fire has been destroyed. Plaintiffs claim that they contacted defendant's insurer so that the insurer could examine the vehicle on behalf of defendant prior to its destruction. With reference to the first prong of the *Schmid* test concerning fault, the court finds that although plaintiffs failed to preserve the vehicle, they did give defendant an opportunity to

examine the vehicle before it was destroyed. Plaintiffs could not be expected to preserve the car indefinitely as they needed to transfer the title to their insurance company. With regard to the second prong of the test, the court finds that defendant will not be prejudiced by the failure to preserve the vehicle as there were photographs taken of the vehicle and a report done concerning the cause of the fire. The court finds that defendant will still be able to present a viable defense. See *Pia,* 718 A.2d at 325. Finally, with regard to the third prong of the *Schmid* test, the court finds that a lesser sanction than granting summary judgment in favor of defendant could be applied that would protect defendant's rights. For example, as in the *Pia* case, the court could charge the jury concerning spoliation of the evidence.

In light of the foregoing, the court declines to grant defendant's request for summary judgment based upon spoliation of the evidence. Therefore, the court next addresses defendant's claim that plaintiffs have failed to establish a prima facie case to support a claim for negligence against defendant.

Defendant alleges that it did not owe plaintiffs a duty to protect them from the particular method of injury that plaintiffs experienced because it was not foreseeable by defendant. Specifically, defendant avers that it could not have foreseen that plaintiff-husband Michael Majoris would injure his hand and leg as a result of slipping on an uneven or unstable surface while moving away from his vehicle. Defendant further avers that its repairs were not a proximate cause of plaintiff-husband's injuries in this case.

Plaintiffs aver that defendant owed plaintiffs a duty not to expose them to an elevated risk of foreseeable harm. Plaintiffs further aver that the chain of causation was not broken by the stone or indentation that caused plaintiff-husband Michael Majoris to fall, and that plaintiff-husband Michael Majoris falling after fleeing a burning car was not an extraordinary, but a foreseeable consequence of defendant's failure to install, repair or replace a fire shield in the vehicle. Plaintiffs claim that the question of negligence is for the jury.

In order to establish a prima facie case for a negligence claim, a plaintiff must prove the existence of a duty, breach of the duty, causation and damages. Duty is predicated upon the relationship existing between the parties at the relevant time. See *Zanine v. Gallagher,* 345 Pa. Super. 119, 123, 497 A.2d 1332, 1334 (1995). Pennsylvania courts have held that the duty question arises when the defendant's conduct exposes the plaintiff to a risk of harm. See *Miller v. Group Voyagers Inc.,* 912 F. Supp. 164, 167 (1996). As such, duty is established on the basis of foreseeability. See *id.* The defendant owes the plaintiff a duty if the defendant's actions expose the plaintiff to an elevated risk of harm. See *id.* Whether a duty exists is a question of law, however, a court may only rule as a matter of law that a particular defendant did not owe a duty to a particular plaintiff when the question of foreseeability is undeniably clear. See *Emerich v. Philadelphia Center for Human Development Inc.,* 554 Pa. 209, 233, 720 A.2d 1032, 1044 (1998); *Campo v. St. Luke's Hospital,* 755 A.2d 20 (Pa. Super. 2000).

In this case, the court finds that plaintiffs have pled sufficient facts to establish that defendant owed them a

duty to make proper repairs to their vehicle and that defendant's failure to properly make the repairs exposed plaintiffs to a risk of harm. Plaintiffs have asserted that defendant agreed to repair, reinstall or install a fire shield in their vehicle, but failed to do so. Plaintiffs have further asserted that plaintiff-husband Michael Majoris, specifically instructed defendant to "make sure the fire shield was put on." The court finds that the risk of harm to plaintiffs was foreseeable by defendant. It was foreseeable that a car without a fire shield could catch on fire and plaintiffs could be injured. The court finds that it is not necessary that the exact manner of the harm was foreseeable by defendant. See *Little v. York County Earned Income Tax Bureau,* 333 Pa. Super. 8, 14, 481 A.2d 1194, 1198 (1984), citing Restatement (Second) of Torts, §435(1).

With regard to the causation element, even where harm to a particular plaintiff may be foreseeable from the defendant's conduct, and that conduct is the cause-in-fact of the plaintiff's harm, the law makes a determination that, at some point along the causal chain, liability will be limited. See *Alumni Association v. Sullivan,* 369 Pa. Super. 596, 535 A.2d 1095 (1987). "Legal" or "proximate" cause is a means by which liability is limited. In determining whether an act was the "legal" or "proximate" cause of the plaintiff's harm, the plaintiff must demonstrate that the defendant's conduct was a "substantial factor" in bringing about the harm. See *id.* This is normally a question of fact for the jury and should only be removed from the jury when it is clear, as a matter of law, that reasonable minds could not differ on the

issue. See *id.; Little,* 333 Pa. Super. at 16, 481 A.2d at 1198.

In this case, the court finds that reasonable minds could differ as to whether defendant's conduct was a substantial factor in bringing about plaintiff's harm. Defendant made repairs to plaintiffs' vehicle, which plaintiffs allege caused the vehicle to catch on fire. As a result, according to plaintiffs, plaintiff-husband Michael Majoris exited the vehicle in a panic, fell and was injured. The court finds that issues of fact remain as to the remoteness of plaintiff's injuries. As such, the court finds that the jury should determine whether defendant's conduct was a substantial factor in bringing about plaintiff's harm.

Defendant also argues that the rock or indentation in the pavement caused plaintiff-husband Michael Majoris to fall, and therefore, defendant is not liable for his injuries. Plaintiffs characterize defendant's assertions in this regard as an argument that a superseding cause existed in this case. Plaintiffs claim that it was foreseeable that plaintiff-husband Michael Majoris might fall or trip over an object when trying to escape from a burning car, and therefore, defendant cannot rely upon the defense of a superseding cause in this matter.

In determining whether an intervening force is a superseding cause, the test is whether the intervening conduct was so extraordinary as not to have been reasonably foreseeable. See *Powell v. Drumheller,* 539 Pa. 484, 493, 653 A.2d 619, 623 (1995). The determination of whether an act is so extraordinary that it constitutes a superseding cause is normally to be made by a jury. See *id.* at 495, 653 A.2d at 623, citing *Mascaro v. Youth Study Center,* 514 Pa. 351, 358-59, 523 A.2d 1118, 1122 (1987).

However, where the facts are uncontroverted and only one inference can be drawn, the question of whether there was a superseding cause which would prevent the defendant's act from being the proximate cause of the injury is a question of law for the court to determine. See *id.*

In this case, the court finds that there remain issues of fact as to the cause of plaintiff-husband Michael Majoris' fall and the remoteness of his injury to defendant's actions. The court further finds that, even assuming defendant proves that plaintiff-husband Michael Majoris tripped, the question of whether a stone or an indentation in the pavement is so extraordinary that it is a question of fact for the jury. As such, the court finds that the question of whether there was a superseding cause to plaintiff's injuries should be left to a jury.

### ORDER

And now, November 28, 2000, the court hereby orders that defendant's motion for summary judgment and supplemental motion for summary judgment are denied.